**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

Rosanne Edwards Murphy,      )
                                )
               Plaintiff,    )     Civil Action No.: 2:05-2577-CWH
                                )
     versus              )
                                )
MUSC Institute of Psychiatry; Mr. Banks,  )     <u>**ORDER**</u>
Medication Administering RN Nurse at    )
MUSC Institute of Psychiatry; Dr. Pelic;   )
Mr. Pelic; Dr. Masseruli; Mr. Masseruli;   )
and Joseph Fetter, all are and were       )
employees at MUSC Institute of Psychiatry  )
at the time of my commitment,         )
                                )
             Defendants.   )
_____)

On September 6, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against the Medical University of South Carolina ("MUSC") Institute of Psychiatry and its employees: Mr. Banks, Dr. Pelic, Mr. Pelic, Dr. Masseruli, Mr. Masseruli, and Joseph Fetter. The plaintiff did not allege the citizenship of any of the parties.  The Medical University of South Carolina is a state university with a medical center and six colleges located in Charleston County, South Carolina.

On September 16, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction.  On September 23, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation.

Although the plaintiff's pro se complaint is liberally construed, federal courts are of limited jurisdiction.  <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is without 28 U.S.C. §1332 diversity jurisdiction because there is not complete diversity of

Page 1 of  3

citizenship.  Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co., v. Koger, 437 U.S. 365, 372-74 (1978).

The plaintiff alleges that at the behest of an unidentified court order, police handcuffed her, shackled her, and committed her to the MUSC Institute of Psychiatry to be treated for schizophrenia.  There, she claims that the MUSC Institute of Psychiatry and its employees violated professional standards and committed medical malpractice.  The plaintiff seeks "justice" and the revocation of the defendants' medical licenses.  She also claims that she is unable to identify her son, Chad Christian Edwards ("Chad") and requests a DNA test because "all the Chads look like him."

Although medical malpractice is a cause of action under South Carolina state law, the complaint has not raised any federal questions.  Pederson v. Gould, 341 S.E.2d 633, 634 (1986).  Negligence is not a cause of action under 42 U.S.C. §1983.  Daniel v. Williams, 474 U.S. 344, 345-48 (1986).  Similarly, mental harassment is not actionable under 42 U.S.C. §1983.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Neither does the plaintiff's claim for mental harassment give rise to a cause of action pursuant to 42 U.S.C. §1983.  Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985).  Therefore, this court is without 28 U.S.C. §1331 federal question jurisdiction.

Accordingly, the Court adopts the report and recommendation and dismisses this action without prejudice and without service of process for lack of jurisdiction.

**AND IT IS SO ORDERED.**

_C. Weston Houck_

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 27, 2005